**THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **Loramax LLC, Plaintiff,**<br><br>           **v.**<br><br>**New York Life Insurance Company, Defendant.** | **Civil Action No.  _____**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Loramax LLC ("Loramax" or "Plaintiff") makes the following allegations against New York Life Insurance Company ("New York Life" or "Defendant"):

## PARTIES

1.      Plaintiff Loramax is a limited liability company organized under the laws of the State of Texas and has its principal place of business at 2305 North St., Ste. 205, Beaumont, Texas, 77702.

2.      Defendant New York Life is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 51 Madison Avenue, New York, NY 10010.  Defendant may be served via its registered agent for service of process: C T Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

## JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.       On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

5.       Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). On information and belief, Defendant has transacted business in this district, and has performed at least a portion of the infringements alleged herein in this district.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 5,513,126**

6.       Plaintiff Loramax is the owner by assignment of United States Patent No. 5,513,126 ("the '126 Patent") titled "Network Having Selectively Accessible Recipient Prioritized Communication Channel Profiles."  The '126 Patent was duly issued by the United States Patent and Trademark Office on April 30, 1996.  A true and correct copy of the '126 Patent is attached as Exhibit A.

7.       Upon information and belief, Defendant makes, uses, operates, and makes available to the public, directly or through intermediaries, a website and related systems that are, and were during the term of the '126 Patent, accessible to the public via the URL at https://www.vsc3.newyorklife.com/VSCRegWebApp/login ("the Accused Instrumentality").

8.       Upon information and belief, Defendant has infringed the '126 Patent during its term in the State of Texas, in this district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, operating, and making available to the public the Accused Instrumentality that performed the methods and/or used the systems covered

by at least claims 6 and/or 25 of the '126 Patent to the injury of Plaintiff.  Defendant has directly infringed, literally and/or under the doctrine of equivalents, the '126 Patent during the term of the '126 Patent.  Defendant is thus liable for infringement of the '126 Patent pursuant to 35 U.S.C. § 271.

9.      As a result of Defendant's infringement of the '126 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Loramax respectfully requests that this Court enter:

10.     A judgment in favor of Plaintiff that Defendant has infringed, either literally and/or under the doctrine of equivalents, the '126 Patent;

11.     A judgment and order requiring Defendant to pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '126 Patents as provided under 35 U.S.C. § 284; and

12.     Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff Loramax, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED May 8, 2015.                    Respectfully submitted,

                                      */s/ Jaspal S. Hare*
                                      By:_____

                                      Jaspal S. Hare (lead counsel)
                                      Texas Bar No. 24083135
                                      Jaspal.Hare@solidcounsel.com

                                      Bryan R. Haynes
                                      Texas Bar No. 9283520
                                      Bryan.Haynes@solidcounsel.com

                                      **Scheef & Stone L.L.P**
                                      500 North Akard, Suite 500
                                      Dallas, TX 75201
                                      Tel: (214) 706-4200
                                      Fax: (214) 706-4242

                                      **ATTORNEYS FOR PLAINTIFF
                                      LORAMAX LLC**